## The Standard Brewery, Plaintiff in Error, v. John M. Sweeney, Defendant in Error.

### Gen. No. 18,620. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. PERRY L. PERSONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed March 11, 1914.

### Statement of the Case.

Action by The Standard Brewery, a corporation, against John M. Sweeney to recover for beer sold to defendant. The latter admitted a portion of the indebtedness and pleaded a set-off for commissions for securing new customers for plaintiff under an agreement with its agent. From a judgment for defendant for $536.50 on his set-off, plaintiff brings error.

BAKER & HOLDER, for plaintiff in error; G. RAYMOND COLLINS, of counsel.

GALLAGHER & MESSNER, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. WITNESSES, § 144*—*when party incompetent as to conversations with deceased agent.* A corporation is a "party" within Hurd's R. S. ch. 51, sec. 4, J. & A. ¶ 5521, rendering a party incompetent as to conversations with an agent of the adverse party,

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

since deceased, unless held in the presence of surviving agents of such adverse party; and in an action by it defendant is incompetent as to conversations held with its agent, since deceased.

2. SET-OFF AND RECOUPMENT, § 10*—*when claim for commissions proper subject for set-off.* In an action by a brewing company to recover for beer sold defendant, the latter's claim to commissions under an agreement with plaintiff by which he was to receive a fixed commission for securing new customers the amount of such commissions to depend upon the daily consumption of beer by such new customers, is a proper subject of set-off, and is none the less liquidated because requiring extrinsic evidence that such new customers had sold the requisite number of barrels of beer.